**In the Interest of Kathleen Elizabeth BRECHEISEN.**

**No. 05–83–00260–CV.**

Court of Appeals of Texas, Dallas.

Jan. 16, 1984.

Rehearing Denied Feb. 16, 1984.

Dennis E. Alvoid, Hultgren, Jewel, Alvoid & Berger, Dallas, for appellant.

Irwin Lightstone, Dallas, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

Appellee has filed a motion to dismiss alleging that the order appealed from is neither a final judgment nor an appealable interlocutory order. Appellee has also filed a motion to supplement the transcript. We

hold that the order is not appealable as a final judgment and that the appeal was not perfected within the time allowed for appealing an interlocutory order. Accordingly, we dismiss the appeal and, therefore, deny the motion to supplement the record as moot.

Appellee Johnson filed a motion in the trial court under TEX.REV.CIV.STAT. ANN. art. 3827a (Vernon Supp. 1982–1983) for aid in satisfying a money judgment previously awarded to her against Brecheisen, her former husband, for unpaid child support. Article 3827a provides that a judgment creditor whose judgment debtor is the owner of property that is not exempt but cannot be readily attached or levied on by ordinary legal process is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching property to satisfy the judgment. The trial court entered an order requiring Brecheisen to turn over all cash in his possession, the contents of all checking accounts, savings accounts and money market accounts, and all certificates representing shares of stocks presently in his possession or which he hereafter receives or acquires an interest in. The order requires all of the foregoing to be deposited into the registry of the court until the judgment previously rendered and all other sums which might later be awarded to Johnson have been paid in full. The order further provides that Johnson, upon order of the court, will be allowed to withdraw sums or stock certificates and that any property withdrawn will be credited to satisfaction of the judgment and all sums which may later be awarded to Johnson. The order also restrains Brecheisen from alienating, selling, secreting or disposing of certain assets.

Although the order is not entirely clear, we interpret it requiring Brecheisen to continue to deposit funds and shares of stocks into the registry of the court only until the amount so deposited is sufficient to discharge the judgment and any additional judgment recovered against him in the same cause by appellee Johnson. When that amount has been deposited, the court will have to enter another order so declaring and directing distribution of the fund. The restraint against disposing of property, etc., will continue only until such an order has been entered.

We first consider whether the order is an appealable final judgment. If so, the appeal is timely because the time for perfecting the appeal was extended by a timely motion for new trial. We hold that the order by its terms is not a final order. Generally, an appeal may be taken only from a final judgment. TEX.REV.CIV. STAT.ANN. art. 2249 (Vernon Supp.1982–1983). The judgment must dispose of all parties and all issues, leaving nothing in the suit for further decision except as necessary for carrying the decree into effect. *Hargrove Ins. Investment Corp.*, 142 Tex. 111, 176 S.W.2d 744 (1944). It is clear that the trial court intended to exercise control over what was to be deposited into the registry of the court. No funds will be turned over to appellee Johnson without further order of the court. The amount to be credited for the stock deposited is left for later determination. It cannot be said that nothing was left for further decision. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). Consequently, the order is not final.

We need not consider whether the order is an appealable temporary injunction because no appeal was perfected within the thirty days required by rule 385(d) of the Texas Rules of Civil Procedure, and, under rule 385(b), the motion for new trial did not extend the time. We do not determine whether the order is proper because that question can only be decided if we have jurisdiction of the appeal. Neither do we decide whether any other type of order pursuant to Article 3827a is appealable.

The appeal and motion to supplement record are dismissed.