**FIRST NATIONAL BANK OF GIDDINGS, TEXAS,**
Appellant,

v.

**Dorothy BIRNBAUM, Appellee.**

No. 3-91-350-CV.

Court of Appeals of Texas,
Austin.

Feb. 19, 1992.

On Motion for Rehearing April 1, 1992.

Pamela K. Giese, Giddings, for appellant.

Steven W. Keng, Giddings, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

This is an appeal from a postjudgment award of sanctions under Texas Rule of Civil Procedure 13. Tex.R.Civ.P.Ann. 13 (Pamph.1991). Appellant First National Bank of Giddings received a money judgment against appellee Dorothy Birnbaum and Ryan Birnbaum in December 1990. The bank filed a postjudgment application for turnover relief to enforce the judgment, and Dorothy Birnbaum responded to the application and filed a motion for sanctions under Rule 13. In four points of error the bank contends the district court erred in imposing sanctions because: (1) the evidence was insufficient to show the turnover application was groundless; (2) the evidence was insufficient to support the court's finding that allegations in the turnover application were groundless and brought in bad faith; (3) there was insuffi-

cient evidence to show that the bank had knowledge of or authorized the filing of the turnover application; and (4) in the order for sanctions there was no finding that the turnover application was groundless and brought in bad faith. We will dismiss for want of jurisdiction.

The order for sanctions under Rule 13 was rendered in connection with the application for turnover relief.[1] The record before us does not indicate that the district court has acted on the merits of the application for turnover relief. The sanctions order, therefore, does not dispose of all parties and issues. It is neither an appealable final judgment nor an appealable interlocutory order. *See North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893 (Tex. 1966); *In re Brecheisen,* 665 S.W.2d 191 (Tex.App.1984, writ ref'd n.r.e.); Tex.Civ. Prac. & Rem.Code Ann. § 51.012 (1986).

The cause is dismissed for want of jurisdiction.

## ON MOTION FOR REHEARING

■ On motion for rehearing, the bank contends this Court erred in dismissing the appeal for want of jurisdiction because the district court has acted on the merits of the application for turnover relief. The bank states that the district court's docket sheet shows the application for turnover relief was denied on February 22, 1991. This docket sheet was omitted from the transcript. The bank also has filed a motion to supplement the record, requesting this Court to direct the district clerk to certify and transmit a supplemental transcript to the Clerk of the Court. The bank has attached a certified copy of the docket sheet to its motion to supplement the record.[1] We will overrule both the motion

to supplement the record and the motion for rehearing.

It is well established that docket entries may not take the place of a separate order or judgment:

Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitutes for such record; and docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court.

*Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561, 566 (1937).[2] "[T]he judge's notes are for his own convenience and that of the clerk making the entries, and form no part of the record." *Stark v. Miller,* 63 Tex. 164, 165 (1885); *see also, e.g., Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989, orig. proceeding) ("A trial court's oral pronouncement and docket entry reinstating a cause is not an acceptable substitute for the written order required by [Tex.R.Civ.P. 165a(3) ]."); *Clark & Co. v. Giles,* 639 S.W.2d 449, 450 (Tex.1982, orig. proceeding) (holding that oral pronouncement and docket entry granting motion for new trial could not substitute for the written order required by Tex.R.Civ.P. 329b (since amended)); *McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980, orig. proceeding) (holding that oral rendition of judgment supported by the court's docket sheet was insufficient; express, specific, written order is required).

The supreme court has apparently relaxed the absolute prohibition against the use of docket entries in some limited, al-

---

**1.** Although the order for sanctions utilizes the word "contempt," we will liberally construe the order as a potentially appealable order for sanctions. The validity of a civil contempt order in which there is no order of confinement may be attacked only by mandamus. *See Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824, 827 (1960); *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956).

**1.** The pertinent docket entry states, "2 22 91— Application for turnover order. DENIED /s/ HRT."

**2.** *Hamilton* relied on the following statutes and court rule: 1925 Tex.Rev.Civ.Stat., § 1, arts. 1899, 1902, at 526, 527 (since repealed and codified at Tex.Gov't Code Ann. § 51.303, as amended); 1925 Tex.Rev.Civ.Stat., § 1, art. 1918, at 529 (since repealed and promulgated at Tex. R.Civ.P.Ann. 20); 1892 Rule for the District and County Courts 65, 84 Tex. 717 (since repealed and promulgated at Tex.R.Civ.P.Ann. 304).

though apparently undefined, circumstances. "A docket entry may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order." *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977, orig. proceeding) (citations omitted). *N–S–W Corp.* did not overrule cases holding that a docket entry forms no part of the record that may be considered but is merely a memorandum made for the trial court and clerk's convenience. The Fifth Court of Appeals has held that the "certain situations" when a docket entry may supply facts described in *N–S–W Corp.* are limited to instances in which the docket sheet is required to correct clerical errors in judgments or orders. *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 & n. 2 (Tex. App.1986, no writ).[3] We agree with the rationale stated in *Energo* that docket entries are inherently unreliable because they lack the formality of orders and judgments.[4] *Id.* at 151 n. 2.

In light of our discussion of the probative value of docket entries, the bank's motion to supplement and the bank's motion for rehearing both are overruled.

---

**3.** *Contra Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548, 550 (Tex.App.1991, no writ) (holding that a signed docket entry can qualify as an order setting aside a written dismissal order and citing *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953) (judge's delivery to the clerk of "order" or "signed written memorandum of dismissal" on docket sheet dismissing cause for want of prosecution constituted rendition of judgment as effectively as if dismissal was pronounced orally in open court), *overruled on other grounds by Jackson v. Hernandez,* 155 Tex. 249, 285 S.W.2d 184 (1955)). Without expressing an opinion on whether *Katz* was correctly decided or whether *Katz* properly interpreted *Knox,* we note that the First Court of Appeals has recently limited *Katz* to instances in which the trial court is correcting its own mistake. *Intercity Management Corp. v. Chambers,* 820 S.W.2d 811, 812–13 (Tex.App.1991, orig. proceeding [mandamus filed *sub nom. Arsht Co. v. First Court of Appeals,* No. D–1982 (Tex.)]).

**4.** We are aware that many counties are replacing the old written docket sheets with computerized sheets which may or may not accurately or fully reflect the nature and scope of the trial judge's ruling.