**David VALDEZ, Appellant,**

v.

**Lovell W. ALDRICH and Lovell W. Aldrich & Associates, P.C., Appellees.**

**No. C14–94–00057–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 23, 1994.

David Valdez, pro se.

C. Timothy Reynolds, Glover, Anderson, Chandler & Uzick, Houston, for appellees.

Before ROBERTSON, CANNON and LEE (sitting for DRAUGHN, J.), JJ.

**OPINION**

CANNON, Justice.

David Valdez appeals the granting of summary judgment in favor of a law firm, Lovell W. Aldrich & Associates, P.C., and an attorney, Lovell W. Aldrich, in his suit against the firm and attorney for malpractice. Valdez brings four points of error. We affirm.

David Valdez is *not* an attorney. He chose to represent himself on this appeal. The entire argument and authorities in support of Valdez's points of error is set out below:

Appellant Valdez argues to the Court that the Appellees abused their authority and discretion in obtaining a judgment in their favor, therefore resulting in violation of the Texas Rules of Appellate Procedures [sic] Rule 50, 52, 53, 54, and 55.

As a result, the Appellant is precluded from pursuing his *Appeal* [sic] in proper form and substance. The Appellees have continued to file erroneous Motions with the Appeals Court and have failed to re-

spond and answer the lawsuit and Motions in an appropriate manner.

The entirety of Valdez's argument before this Court consists of two paragraphs totaling three sentences.

 Although the Texas Supreme Court has disapproved affirming a judgment because of briefing deficiencies, *Inpetco, Inc. v. Texas Am. Bank*, 729 S.W.2d 300, 300 (Tex. 1987) (*per curiam*), this Court nonetheless has some discretion to choose between deeming a point waived and allowing amendment or rebriefing. *Fredonia State Bank, Executor Et Al. vs. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994); *see also King v. Graham Holding, Co.*, 762 S.W.2d 296, 298 (Tex.App.—Houston [14th Dist.] 1988, no writ).

In the instant case, Valdez's brief does more than fail to meet the minimum briefing requirements set forth in TEX. R.APP.P. 74. Although Valdez asserts four broad points of error, he fails to brief a single one. Moreover, he makes no argument. He cites no supporting authority. In effect, Valdez has presented nothing to this Court for review.

Looking beyond the briefing deficiencies, we find Valdez's points of error are impossible to address. In his second and third points, for example, he alleges the district court erred by failing to keep accurate records, and for failing to grant him an extension of time to file a transcript, provide him with a free statement of facts, and to grant him a new trial. Nonetheless, we have before us a complete statement of facts and transcript. There appear to be no inaccuracies. And, in his fourth point of error, Valdez alleges the district court erred by denying him a jury trial and access to the court. This point, however, is vague. It is difficult to address in light of the fact Valdez fails utterly to brief it. We simply don't know what he is complaining about.

In his first point, Valdez alleges the court erred in granting summary judgment because it knew the judgment was contrary to pre-trial matters and the law. In *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970), the Texas Supreme Court ex-

pressly authorized use of the words "[t]he trial court erred in granting the motion for summary judgment." By dropping the surplusage from his point, we find Valdez properly framed this point of error. However, he does not point out what the error is. He does not argue there are material issues of fact to be resolved, nor does he show where appellees were not entitled to judgment as a matter of law.

In light of these facts, we overrule Valdez's points of error and affirm the judgment.