Opinion issued January 23, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00501-CV




PATRICIA A. TRICE, Appellant

V.

COLONY BUILDER’S, INC., Appellee




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 708,372




MEMORANDUM OPINIONAppellant Patricia Trice sued appellee Colony Builder’s, Inc. over repairs and
modifications to her mobile home. In eight points of error, Trice challenges the trial
court’s partial summary judgment and sanctions order. We affirm.
Facts
          Trice contracted with Colony on November 6, 1996 to install vinyl siding on
her mobile home. After problems arose, Trice and Colony mediated their dispute and
signed a new agreement on April 14, 1997. Under the mediation agreement, Colony
agreed to perform specified repairs on Trice’s mobile home and to pay Trice $314.54
at the conclusion of the repairs. Dissatisfied with the results, Trice filed suit in
November 1998 over the repairs and modifications to her mobile home, bringing
claims for breach of contract, fraud, breach of warranty, and violations of the
Deceptive Trade Practices-Consumer Protection Act. Tex. Bus. & Com. Code Ann.
§§ 17.01-.63 (Vernon 2002) [hereinafter DTPA].
          Colony filed a motion for summary judgment on May 26, 2000 based on (1) its
affirmative defenses of estoppel, release, accord and satisfaction, and waiver to all of
Trice’s claims relating to the November 6, 1996 contract and (2) its performance as
a matter of law of all its obligations arising out of the April 14, 1997 mediation
agreement. The trial court rendered a partial summary judgment in Colony’s favor
on July 10, 2000, but denied that portion of Colony’s motion in which Colony argued
it tendered $314.54 to Trice. The trial court subsequently vacated its July 10, 2000
partial summary judgment, reheard the motion for summary judgment, and rendered
partial summary judgment on November 9, 2000 that again held in Colony’s favor on
all issues except Colony’s alleged tender of $314.54 to Trice.
          The trial court held a bench trial on March 12, 2001 and on April 2, 2001
rendered judgment that Trice recover $314.54 from Colony. The court also heard
Colony’s motion for sanctions, and on April 4, 2001, the court found that Trice
spoliated the record concerning her bill of exceptions. As sanctions, the court struck
the bill of exceptions and ordered Trice to pay Colony $925 in attorney’s fees.
Discussion
Complaints about the July 10, 2000 Partial Summary Judgment
          In point of error one, Trice contends the trial court erred in allowing a hearing
on Colony’s motion for summary judgment because Colony did not give Trice 21-days notice as required by Texas Rule of Civil Procedure 166a(c). The clerk’s record
reflects that Colony filed its motion for summary judgment on May 26, 2000, and the
trial court heard the motion on June 26, 2000, 31 days later. The trial court granted
the motion in part and denied the motion in part on July 10, 2000.
          Trice relies on Colony’s setting notice and docket entries to show that the
motion was initially heard on June 12, 2000, within the 21-day limit. However,
courts have long questioned the reliability of docket entries. E.g., First Nat’l Bank
v. Birnbaum, 826 S.W.2d 189, 190-91 & n.3 (Tex App.—Austin 1992, no writ). A
further problem with the docket entries in this case is that the page on which Trice
relies is not a part of the clerk’s record.


 Even if we were to accept that the initial
hearing was held on June 12, the trial court vacated its July 10, 2000 partial summary
judgment on October 13, 2000. Trice’s complaint is, therefore, moot.
          We overrule point of error one.
          In points of error two and three, Trice alleges the trial court erred in (1)
allowing Colony to “withdraw” its motion for summary judgment on June 12, 2000
and later “re-file” it and (2) conducting the June 26, 2000 hearing on the “withdrawn”
motion and rendering partial summary judgment. Trice again relies on the trial
court’s docket sheet to show that Colony’s motion was “withdrawn.” She also cites
no authority in these points of error. See Harris County Mun. Util. Dist. No. 48 v.
Mitchell, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995, writ denied);
see also Tex. R. App. P. 38.1(h) (appellate brief must contain clear and concise
argument for contentions made, with appropriate citations to authorities and record). 
As previously discussed, Trice cannot rely on a docket-sheet entry that is not part of
the record. $429.30, 896 S.W.2d at 365.
          We overrule points of error two and three.
          In point of error four, Trice argues the trial court erred in allowing a
hearing—presumably the June 26, 2000 hearing—on Colony’s “withdrawn” motion
for summary judgment, because there was no live motion on file. As we have
previously discussed, there is nothing in the appellate record to support Trice’s claim
that Colony formally withdrew its May 26, 2000 motion. The record does contain
multiple notices from Colony to Trice resetting the hearing on Colony’s motion. We
conclude that Colony’s May 26, 2000 motion was a live motion at the time of the
June 26, 2000 hearing and the trial court’s July 10, 2000 rendition of a partial
summary judgment.
          We overrule point of error four.
Complaints about the November 9, 2000 Partial Summary Judgment
          In point of error five, Trice contends the trial court erred in rendering partial
summary judgment on November 9, 2000 because there were disputed material fact
issues. 
          The trial court specified the following grounds on which it rendered partial
summary judgment: (1) Colony proved as a matter of law its affirmative defense of
accord and satisfaction regarding Trice’s breach-of-contract and DTPA claims on the
November 6, 1996 contract and (2) there were no genuine issues of material fact
regarding Trice’s breach-of-contract and DTPA claims on the April 14, 1997
mediation agreement. On appeal, Trice generally contends Colony did not prove as
a matter of law that it was entitled to summary judgment regarding “contractor
negligence, failure of [Colony] to complete the job, failure of [Colony] to perform its
work in a workman-like manner, breach of actual and implied warranties, and an
ensuing claim for water and toxic mold damage.” To the extent these general attacks
on the partial summary judgment relate to (1) Trice’s breach-of-contract and DTPA
claims on the November 6, 1996 contract and (2) Trice’s breach-of-contract and
DTPA claims on the April 14, 1997 mediation agreement, we hold Trice has not
brought a specific complaint that this Court can address. See Tex. R. App. P. 38.1(h)
(brief must contain appropriate citations to authority and to record); Valdez v. Aldrich,
892 S.W.2d 95, 96 (Tex. App.—Houston [14th Dist.] 1994, no writ).
          Because the trial court rendered partial summary on specific grounds, we
review Trice’s appellate complaints regarding the partial summary judgment only as
they relate to Trice’s breach-of-contract and DTPA claims. All of Trice’s remaining
claims were presented to the trial court at the March 12, 2001 bench trial and
disposed of by the trial court’s April 2, 2001 final judgment. Trice does not attack
the April 2, 2001 judgment on any grounds other than those discussed in points of
error six and seven.
          We now address Trice’s specific complaints. First, she contends neither the
November 6, 1996 contract nor the April 14, 1997 mediation agreement were
produced in discovery, filed as summary-judgment evidence, or delivered to her. The 
April 14, 1997 mediation agreement is in the appellate record as exhibit D to
Colony’s motion for summary judgment. The November 6, 1996 contract is not
attached to Colony’s motion for summary judgment, and we have not found it
elsewhere in the appellate record. Trice, however, has not explained why the absence
of the contract in the record would, standing alone, defeat Colony’s motion for
summary judgment, because the relevant ground in the motion was the affirmative
defense that the mediation agreement served as an accord and satisfaction of the
underlying contract. Regarding Trice’s complaint that the documents were not
delivered to her, a complaint of inadequate notice under Texas Rules of Civil
Procedure 21 or 21a is waived absent a timely and specific objection. Walker v.
Gonzales County Sheriff’s Dep’t, 35 S.W.3d 157, 160 (Tex. App.—Corpus Christi
2000, no pet.); see Tex. R. App. P. 33.1 (to preserve issue for appeal, issue must be
timely presented to trial court and adverse ruling must be obtained). On appeal, Trice
has not demonstrated that she preserved this complaint.
          Second, Trice contends Colony did not deliver to her copies of exhibits to
Colony’s motion for summary judgment and documents referred to in the affidavit of
Ali Zare, Colony’s president. As above, Trice has not shown that she preserved at
trial this complaint of lack of notice.
          Third, Trice contends the exhibits to the motion for summary judgment were
not on file at least 21 days before the June 12, 2000 hearing. This is essentially the
same complaint that she makes in point of error one, which we have overruled.
          Fourth, Trice contends Colony did not “supplement” to the trial court or Trice
any of the exhibits to Colony’s motion for summary judgment and affidavit of Ali
Zare after it “withdrew” the motion and “refiled” it. This is essentially the same
complaint she makes in points of error two and three, which we have overruled.
          Finally, Trice contends Colony did not identify exhibit C in its motion. Exhibit
C is Trice’s October 9, 1999 deposition. Although it is true that the motion for
summary judgment does not identify exhibit C as Trice’s deposition, we are not aware
of any authority for the proposition that failure to describe a summary-judgment
exhibit in the body of the summary-judgment motion affects the admissibility of the
exhibit.
          We overrule point of error five.
          In point of error six, Trice contends the trial court erred in not striking exhibit
A to Colony’s motion for summary judgment, the affidavit of Ali Zare, Colony’s
president because (1) Colony did not deliver to Trice Zare’s affidavit or any exhibits
to the affidavit, (2) the affidavit violates the best-evidence rule, (3) the affidavit was
not based on personal knowledge, (4) Zare did not attach sworn copies of all papers
mentioned in the affidavit, (5) the affidavit does not provide a proper foundation for
qualifying Zare as an expert, and (6) the affidavit contains unsubstantiated opinions.
          First, Trice contends Colony did not deliver to Trice Zare’s affidavit or any
exhibits to the affidavit. Assuming, without deciding, that Trice did not receive any
exhibits, there is no indication that she requested a continuance on the summary-judgment hearing and that the trial court denied her continuance. We hold Trice has
waived this complaint. Tex. R. App. P. 33.1 (to preserve issue for appeal, issue must
be timely presented to trial court and adverse ruling must be obtained). 
          Second, Trice contends the affidavit violates the best-evidence rule. See Tex.
R. Evid. 1002 (to prove content of writing, original writing is required except as
otherwise provided by law). Texas Rule of Evidence 1003 states that a “duplicate is
admissible to the same extent as an original unless (2) a question is raised as to the
authenticity of the original or (2) in the circumstances it would be unfair to admit the
duplicate in lieu of the original.” Trice has neither challenged the authenticity of the
affidavit, nor asserted it would be unfair to admit the duplicate in place of the
original.
          Third, Trice contends Zare’s affidavit was not based on personal knowledge
because the affidavit recites, “I am personally acquainted with the facts alleged in
[Trice’s] Motion for Summary Judgment.” Trice argues this violates Texas Rule of
Civil Procedure 166a(f), which requires affidavits to be made on personal knowledge. 
We agree that the affidavit is not in standard form, because Zare swore, “I am
personally acquainted with the facts,” rather than use the normal “personal
knowledge” language. However, we hold that the different terminology is nothing
more than an exercise in semantics and that Zare was equally as bound by the
language used as he would have been by the more typical “personal knowledge”
recitation. See Merchandise Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389, 396-97 (Tex.
App.—Texarkana 2002, no pet.).
          Fourth, Trice contends Zare did not attach sworn copies of two papers he
referred to in his affidavit—the November 6, 1996 contract and a check for $314.54. 
See Tex. R. Civ. P. 166a(f) (sworn or certified copies of all papers or parts thereof
referred to in affidavit shall be attached to affidavit or served therewith). Assuming
without deciding that the affidavit sufficiently “referred to” these two papers such that
Zare was required by Rule 166a(f) to attach them to the affidavit, this Court has held
that a summary-judgment movant’s failure to attach papers to an affidavit is a defect
of form. See Mathis v. Bocell, 982 S.W.2d 52, 58-60 (Tex. App.—Houston [1st Dist.]
1998, no pet.). Trice has waived this complaint because she did not obtain a ruling
from the trial court. See Tex. R. App. P. 33.1.
          Fifth, Trice contends the affidavit does not provide a proper foundation for
qualifying Zare as an expert. We see no merit to this because the record does not
reflect that Colony offered Zare’s testimony as expert testimony. See generally Tex.
R. Evid. 702 (setting forth proper basis for expert testimony).
          Finally, Trice contends the affidavit contains “unsubstantiated opinions.” Trice
does not explain how the opinions are unsubstantiated, but we interpret this as
another attack on the absence of sworn copies of the November 6, 1996 contract and
$314.54 check as attachments to Zare’s affidavit. As discussed above, Trice has
waived this complaint.
          We overrule point of error six.
          In point of error seven, Trice contends the trial court erred in modifying
Colony’s name in the final judgment from “Colony Builders, Inc.” to “Colony
Builder’s, Inc.” Trice claims Colony’s registered name is “Colony Builders, Inc.,”
with no apostrophe in the word “Builders.” Trice, however, did not contest Colony’s
request to modify its name at the April 2, 2001 hearing on the motion for entry of
judgment, so any error has been waived. See Tex. R. App. P. 33.1.
          We overrule point of error seven.
          In point of error eight, Trice contends the trial court erred in striking Trice’s
bill of exceptions and ordering her to pay $925 in attorney’s fees as sanctions for
intentional spoliation of the trial-court record. Trice claims (1) there is no evidence
to support the trial court’s sanctions ruling and (2) her Sixth and Fourteenth
Amendment constitutional rights were violated at the sanctions hearing. At the
sanctions hearing, Trice did not testify, invoking her Fifth Amendment right against
self-incrimination. She did not object at the hearing that her Sixth and Fourteenth
Amendment constitutional rights were violated. At the hearing, Trice’s attorney
conceded that Trice exchanged—without permission from the trial court—a
videotape that was admitted as an exhibit to her bill of exceptions and replaced it with
what Trice claims is an exact duplicate. We hold Trice has waived her constitutional
objections and there is some evidence to support the trial court’s sanctions order.
          We overrule point of error eight.

Conclusion
We affirm the trial court’s judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.