6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00007-CV
______________________________



IN RE:
KURBY DECKER




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter



O P I N I O N

            On November 3, 2005, Kurby Decker, an inmate at the Barry Telford Unit, filed a civil rights
action against various prison officials alleging their refusal to allow him access to medical treatment. 
The Bowie County district clerk's office confirmed the filing of Decker's petition, but informed him
that the office would take no further action except by order of the district court.
            Decker has filed with this Court a petition for writ of mandamus asking this Court to direct
the trial court to order the district clerk to issue citation. In its response to Decker's petition, the trial
court filed an order dismissing Decker's underlying action. Such dismissal before issuance of
citation  is  authorized  on  certain  findings  by  the  trial  court.  Tex.  Civ.  Prac.  &  Rem.  Code
Ann. § 14.003(a) (Vernon 2002).



            In light of the trial court's dismissal, we dismiss Decker's petition for writ of mandamus as
moot.
 
                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          March 7, 2006
Date Decided:             March 8, 2006



/EM> violation. Crawford's third point of error is
overruled.

 In his fourth point of error, Crawford argues his trial counsel rendered ineffective
assistance. To prevail on a claim of ineffective assistance of counsel, an appellant must
establish that his lawyer's performance fell below an objective standard of reasonableness
and that there is a "reasonable probability" the result of the proceeding would have been
different but for counsel's deficient performance. Strickland v. Washington, 466 U.S. 668,
693-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id., 466 U.S. at 694; Hernandez v.
State, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). The purpose of this two-pronged test
is to determine whether counsel's conduct so compromised the proper functioning of the
adversarial process as to undermine the reliability of the result. See Thompson v. State,
9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (citing McFarland v. State, 845 S.W.2d 824,
843 (Tex. Crim. App. 1992)). The review of defense counsel's representation is highly
deferential and presumes counsel's actions fall within a wide range of reasonable
professional assistance. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). 
When the record is silent on the motivations underlying counsel's tactical decisions, the
appellant usually cannot overcome the strong presumption that counsel's conduct was
reasonable. See Thompson, 9 S.W.3d at 813; see also Tong, 25 S.W.3d at 714; Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Delrio v. State, 840 S.W.2d 443,
446-47 (Tex. Crim. App. 1992). In order to defeat Strickland's presumption of reasonable
professional assistance, the appellant has the burden to firmly ground allegations of
ineffectiveness in the record and the record must affirmatively demonstrate the alleged
ineffectiveness. See Thompson, 9 S.W.3d at 814. In the majority of cases, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel's actions. Id. at 813-14.

 Crawford alleges four grounds purporting to show his attorney rendered ineffective
assistance. Crawford contends his counsel failed to raise an alleged Miranda violation and
failed to object to the "admission" of Crawford's statement to police as substantive
evidence. On its face, the record does not reveal any Miranda violation. Further, no
statement by Crawford was introduced into evidence at trial.

 Crawford also asserts his attorney waived the ten-day trial preparation period
without his consent. See Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2002). 
The only relevant references in the record are a docket sheet entry stating Crawford
appeared with counsel (the same lawyer who represented him at trial) on March 20, 2000,
and an order signed by the judge on December 11, 2000, approving payment of fees to
this same attorney for representing Crawford at trial. There is no order in the record
appointing this attorney to represent Crawford. The docket notation was merely a
memorandum made for the convenience of the trial court and court clerk, and it is not
reliable for the purpose of establishing or overruling error on appeal. See, e.g., First Nat'l
Bank v. Birnbaum, 826 S.W.2d 189, 191 (Tex. App.-Austin 1992, no writ) (op. on reh'g)
(stating docket entries inherently unreliable because they lack formality of orders and
judgments). While the record does not affirmatively disprove Crawford's argument, the
docket sheet entry is some indication he was represented by the same lawyer from March
2000 through the trial in November 2000. Crawford bears the burden of showing deficient
performance by his lawyer. See Strickland, 466 U.S. at 687. He has failed to carry that
burden.

 Crawford also argues his attorney failed to conduct an adequate independent
investigation. Ineffective assistance claims are not generally cognizable on direct appeal,
because there is often evidence that does not appear in the record but is necessary for an
evaluation of counsel's performance. See Ex parte Torres, 943 S.W.2d 469, 475 (Tex.
Crim. App. 1997). This is especially true where the ineffectiveness claim is based on
counsel's alleged omissions. Nothing in the record before this Court reflects the extent of
counsel's investigation or his reasons for proceeding in the chosen manner. We have no
way of evaluating counsel's performance in this respect.

 The record is insufficiently developed with respect to the extent of investigation
conducted or the possible waiver of the trial preparation period. Therefore, we are
unwilling to conclude Crawford successfully defeated the strong presumption that the
decisions of counsel during trial fell within the wide range of reasonable professional
assistance. See Thompson, 9 S.W.3d at 813 (citing Strickland, 466 U.S. at 688). We
overrule Crawford's fourth point of error. 

 The evidence was both legally and factually sufficient to support the verdict. 
Crawford has failed to preserve any Miranda complaint for review, and he has not met his
burden of demonstrating he received ineffective assistance of counsel. 

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: January 9, 2002

Date Decided: February 7, 2002


Do Not Publish