



## MEMORANDUM OPINION

No. 04-12-00173-CR

**IN RE** Peter **BURTON**

Original Mandamus Proceeding[1]

Sitting:      Phylis J. Speedlin, Justice
                   Steven C. Hilbig, Justice
                   Marialyn Barnard, Justice

Delivered and Filed:  April 18, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On November 30, 1990, in accordance with the findings of a jury, the trial court entered judgment convicting Relator of murder, assessing his punishment at life in prison, and further ordering that the sentence begin to operate after Relator's sentence in cause #89-CR-5158-A "shall have CEASED to operate."  On November 7, 2011, Relator filed a motion for judgment nunc pro tunc requesting changes to the cumulation order contained in the judgment.  The motion was denied by the trial court on November 22, 2011.  On March 16, 2012, Relator filed a petition for writ of mandamus seeking to compel the trial court to rule on his motion for findings of fact and conclusions of law based on the trial court's denial of his motion for judgment nunc pro tunc.  Relator argues the judgment contains an improper cumulation order.  Because Relator failed to raise the issue in his direct appeal, the writ of mandamus is denied.

---

[1] This proceeding arises out of Cause No. 1990-CR-0764A, styled *State of Texas v. Peter Burton*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.

We agree with Relator's contention that when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Relator, however, failed to provide any evidence that the trial court's pronouncement of sentence and the written judgment in this case are in conflict. To the contrary, during the sentencing hearing, the trial court clearly articulated its intent to cumulate the sentences and the judgment so reflects.

Relator points to an entry in the court's information system that reads "This case will operate until case #89-CR-5185A shall have ceased to operate." Relator argues that this entry shows that the trial court never intended the cases to run consecutively, but instead that they run concurrently. A review of the entire entry, however, establishes that the entry referenced by Relator was a clerical error because the next sentence specifically states that the judgment is a cumulative sentence. More importantly, however, Relator fails to recognize that docket entries may not replace an order or a judgment. *State v. Fuller*, No. 04-96-00898-CR, 1997 WL 136541, at \*1 (Tex. App.—San Antonio Mar 26, 1997, no pet.) *citing First Nat'l Bank v. Birnbaum*, 826 S.W.2d 189, 190 (Tex. App.—Austin 1992, no writ).

"The Great Writ should not be used to litigate matters which should have been raised on appeal." *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). The record fails to support any barriers to Relator challenging the cumulation order on direct appeal. In fact, he raised several issues on appeal, none of which related to an improper cumulation. *See Burton v. State*, No. 04-90-00262-CR, slip op. at 1-2 (Tex. App.—San Antonio January 8, 1992, no pet.). Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)

(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Because Relator had an adequate remedy at law, and failed to raise the issue on direct appeal, he is not entitled to mandamus relief. *Ex parte Banks*, 769 S.W.2d at 540. Relator's petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH