

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00185-CV

_____

GABRIEL SANCHEZ, Appellant

V.

SPIRAL DINER & BAKERY, JANE DOE, JOHN DOE, AND MANAGER JANE
DOE, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-324573-21

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Gabriel Sanchez filed a "Notice of Appeal to Sanction Only" by which he is attempting to appeal from the trial court's order granting $1,425 in sanctions against him "for pursuing a frivolous Motion for Default."[1] We dismiss the appeal for lack of jurisdiction.

This court has jurisdiction over appeals only from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A sanctions order that does not dispose of all parties and all issues is not an appealable order. *In re J.R.*, No. 05-15-01315-CV, 2016 WL 1072500, at *1 (Tex. App.—Dallas Mar. 17, 2016, no pet.) (mem. op.); *see also First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 190 (Tex. App.—Austin 1992, no writ) (per curiam).

We notified Sanchez of our concern that we did not have jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We warned Sanchez that we could dismiss the appeal unless he or another party filed with this court a response showing grounds for continuing the appeal. Sanchez filed two responses. One response merely argues that the trial court erred by rendering the sanctions order but does not address this court's

---

[1]The order also denied Sanchez's motion for default judgment, but he does not appeal from that part of the order.

jurisdiction. The other, "Appellant['s] Notice for Leave to Interlocutory Appeal," notes that the underlying cause has not yet been tried and that when he filed his notice of appeal, he had also filed in the trial court his "Plaintiff's Petition for Interlocutory Appeal." He asserts that this court has jurisdiction on the basis of that petition.

In that petition, Sanchez asked the trial court "to grant the right to appeal because [he] will suffer irreparable harm if forced to pay such a sanction prior to appeal" and "to stay such sanction so that [he] may seek review and such other and further relief to which [he] may be entitled." Sanchez filed the petition "pursuant to TRAP 28.1(c) & TRAP 28.2(a)." Texas Rule of Appellate Procedure 28.2 governs agreed interlocutory appeals, but it applies only to cases that were filed in the trial court before September 1, 2011. *See* Tex. R. App. P. 28.1 cmt. To the extent that Sanchez intended to file a petition for a permissive appeal under Rule 28.3, the trial court has not authorized the appeal. *See* Tex. R. Civ. P. 168; Tex. R. App. P. 28.3(a). Further, a permissive interlocutory appeal is authorized by statute only after the trial court has made a ruling on a controlling question of law as to which there is a substantial ground for difference of opinion. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); Tex. R. App. P. 28.3(c)(4). The order from which Sanchez appeals does not satisfy that requirement. *See* Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. Accordingly, Sanchez has not demonstrated any basis for this court's jurisdiction over his interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); *Indus.*

3

*Specialists, LLC v. Blanchard Refin. Co. LLC*, No. 20-0174, 2022 WL 2082236, at *3 (Tex. June 10, 2022); *Safeco Ins. Co. of Ind. v. Rodriguez*, No. 07-18-00150-CV, 2018 WL 3031597, at *2 (Tex. App.—Amarillo June 13, 2018, order). We therefore dismiss the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: July 14, 2022