

# NUMBER 13-22-00433-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GOMEZ PAVING, LLC D/B/A
SOUTH TEXAS PAVING,                                    Appellant,

v.

SOUTH TEXAS COMMUNICATIONS, INC.,                      Appellee.

On appeal from the County Court at Law No. 10
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Peña**

Appellant Gomez Paving, LLC d/b/a South Texas Paving (GP) appeals a default

judgment in favor of appellee South Texas Communications, Inc. (STC). In two issues,

GP argues the trial court erred in entering a no-answer default judgment and in denying

GP's motion for new trial. We reverse and remand.

## I.     BACKGROUND

On January 17, 2022, STC sued GP for various causes of action, alleging that it hired GP "for the construction of an asphalt parking lot." According to STC's petition, after GP completed the work, the parking lot "began deteriorating and cracking." STC alleged that GP's "work [was] defective and in need of repair or replacement." STC filed a motion for a no-answer default judgment on May 17, 2022, maintaining that it properly served GP with citation, but that GP had not filed an answer by the deadline. *See* TEX. R. CIV. P. 99(b), 107, 239. STC supported its motion with affidavit testimony regarding its damages. The trial court held a hearing on the motion on June 21, 2022. GP's registered agent, Luis M. Gomez, appeared without counsel. Following STC's presentation of its motion, the trial court took the matter under advisement.

On July 1, 2022, GP, now represented by counsel, filed an answer. On July 6, 2022, the trial court signed a default judgment in favor of STC, awarding $86,339.05 in damages and $5,000 in attorney's fees. GP filed a motion for new trial supported by Gomez's affidavit, which was overruled by operation of law. This appeal followed.

## II.     NO-ANSWER DEFAULT JUDGMENT

In its first issue, GP argues the trial court erred in granting a no-answer default judgment because it did not receive service of citation and the motion was granted after GP filed its answer. Because it is dispositive, we will address whether the default judgment was improperly rendered after GP filed its answer.

2

**A.      Standard of Review & Applicable Law**

We review a default judgment de novo to determine whether it was rendered in compliance with governing statutes and rules. *Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.). There are two types of default judgments: a no-answer default judgment and a post-answer default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). A post-answer default judgment "occurs when a defendant who has answered fails to appear for trial." *Lerma*, 288 S.W.3d at 925. STC moved for a no-answer default judgment based on GP's failure to timely answer its suit.

If a defendant has not filed an answer at any time after he is required to do so, the plaintiff may take a default judgment against him, provided that the return of citation has been on file with the clerk for at least ten days, excluding the days of filing and judgment. TEX. R. CIV. P. 107, 239. However, a no-answer default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late. *See Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (holding that a no-answer default judgment was improper even though the answer was not filed on or before the answer date, but was filed two hours and twenty minutes before the default judgment was signed, and even though the trial court was unaware of the filing); *see also Robledo v. Villarreal*, No. 13-19-00492-CV, 2020 WL 7063686, at *2 (Tex. App.—Corpus Christi– Edinburg Dec. 3, 2020, no pet.) (mem. op.) ("It is well settled that rendition of a default

3

judgment when there is an answer on file is error. . . .”). “At any time before a judgment by default has been actually announced by the court, a defendant has the right to file his answer.” *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (quoting *City of Jefferson v. Jones*, 12 S.W. 749, 749 (Tex. 1889)).

**B.     Analysis**

At the June 21, 2022 hearing, the trial court orally pronounced that it was taking the motion for default judgment under advisement. GP filed its answer on July 1, 2022. The trial court did not sign the order granting a no-answer default judgment until July 6, 2022.[1] This would seem to be a clear case of trial court error. *See Davis*, 764 S.W.2d at 560. Yet, STC argues that the trial court granted default judgment before an answer was filed, based on the following docket entry dated June 24, 2022, which states: “Tickler (8:30 AM) (Judicial Officer: Marroquin, Armando) Post Judgment Granted: Pending Order Granted.”

“[T]o be effective, all orders and rulings must be made on the record either in writing or in open court transcribed by the court reporter.” *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding). “[A] docket-sheet entry does not form a part of the record that may be considered on appeal, but instead, is a memorandum made for the trial court and clerk’s convenience.” *Walker v. Walker*, 642 S.W.3d 196, 210 (Tex. App.—El Paso 2021, no pet.) (citing *Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.)). “Docket-

---

[1] For reasons not apparent in the record, the trial court signed a second default judgment awarding the same amount of damages and attorney’s fees on July 21, 2022. This anomaly does not affect our analysis.

sheet entries are inherently unreliable because they lack the formality of orders and judgments." *In re Bill Heard*, 209 S.W.3d at 315 (citing *First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 191 (Tex. App.—Austin 1992, no writ)). Therefore, a docket-sheet entry is generally insufficient to constitute a judgment. *Id.* "This rule is especially important if the docket-sheet entry is unsigned." *Id.* (citing *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ)). Further, "a docket-sheet entry cannot contradict, overrule, or take the place of a written order or judgment." *Barnes*, 464 S.W.3d at 53. "Ordinarily, when there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket sheet entry." *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 7 (Tex. 2002).

Here, the docket entry is designated as a "tickler," indicating that it is a reminder and not an official action. Further, the entry is not signed by the trial court. Most importantly, the actual judgment was not signed until much later. Given these circumstances, we conclude that the docket-sheet entry does not constitute a judgment of the trial court. *See id.*; *Kalyanaram v. Burck*, 225 S.W.3d 291, 303 (Tex. App.—El Paso 2006, no pet.) (concluding that an unsigned docket sheet entry was insufficient to constitute the judgment or decree of the trial court). Because the trial court granted the no-answer default judgment after GP filed its answer, it did so erroneously. *See Jefferies*, 764 S.W.2d at 560; *West*, 433 S.W.3d at 108; *see also Robledo*, 2020 WL 7063686, at *2. We sustain GP's first issue. As this issue is dispositive, we need not address GP's second issue. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written

5

opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### III.    CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this memorandum opinion.

L. ARON PEÑA JR.<br>
Justice

Delivered and filed on the
3rd day of August, 2023.