**CHARLES L. HARDTKE, INC., Appellant,**

v.

**Abe KATZ, Appellee.**

**No. 01–90–00600–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 23, 1991.

Rehearing Overruled July 25, 1991.

Drew M. Capuder, Houston, for appellant.

R.F. Margolin, Houston, for appellee.

Before COHEN, WILSON and DYESS,[1] JJ.

## OPINION

COHEN, Justice.

The question presented is whether the trial court's specific, timely, initialed docket entry can set aside its prior order dismissing this case for want of prosecution. Under this record, we hold that it can. Consequently, we reverse and remand.

Charles L. Hardtke, Inc. (Hardtke) sued Abe Katz for breach of a loan guaranty. The trial court dismissed the suit for lack of jurisdiction in 1990, concluding that it had long before been finally dismissed for want of prosecution. The first dismissal for want of prosecution was on August 28, 1986. An order of reinstatement followed. The second dismissal was on March 11, 1987. We must decide whether the trial court succeeded in its two attempts to set aside the dismissals and reinstate the case. If either attempt failed, then the trial court had no jurisdiction in 1990.

**I. The first dismissal for want of prosecution on August 28, 1986**

On June 2, 1986, the trial judge, Thomas R. Phillips, ordered the parties to file a joint status report by July 15, 1986 or the suit would be dismissed, pursuant to TEX.R.CIV.P. 165a. On August 28, 1986, the trial court dismissed the case for want of prosecution because Hardtke failed to comply with its order. Hardtke's motion to reinstate was filemarked October 3, 1986,

34 days after the dismissal order. A motion to reinstate filed 34 days after dismissal is not timely. Rule 165a(3) requires that such motion be filed within 30 days. Nevertheless, the trial judge signed an order reinstating the case on October 17, 1986.

If the record were clear that Hardtke's motion to reinstate was, in fact, not filed until October 3, 1986, we would hold that the August 28 dismissal was final and that the trial court properly dismissed for lack of jurisdiction. The record, however, strongly indicates that Hardtke's motion was actually *filed* timely on September 26, 1986, but was not *filemarked* until October 3. The cover letter from Hardtke's attorney, asking the clerk to file the motion to reinstate, contains a certificate of service and a notary's verification, both dated September 25, 1986. The cover letter is dated September 25, 1986, and it bears a filemark by the District Clerk of September 26, 1986. The trial judge acted as though the motion was timely filed, and Katz never contended in the trial court, or even in his appellate brief, that the motion was not timely. This Court notified the parties of this potential lack of jurisdiction.

We conclude that, under these circumstances, the ambiguity in the record should be resolved in favor of jurisdiction. Therefore, we hold that Hardtke's motion to reinstate was filed timely, within 30 days of the dismissal of August 28, 1986, which gave the trial court authority to reinstate the case by its order of October 17, 1986.

**II. The second dismissal for want of prosecution on March 11, 1987**

Hardtke's point of error asserts the trial court erred in dismissing in 1990 for lack of jurisdiction because the court had validly reinstated the case after the dismissal of March 11, 1987.

On February 4, 1987, the trial judge ordered a joint status report to be filed by March 10, 1987. The order stated the court had never received a status report pursu-

---

1. The Honorable Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at  Houston, sitting by assignment.

ant to its June 2, 1986 order and that the suit would be dismissed for want of prosecution if no status report was filed by March 10, 1987. A joint status report was filed on March 10, at 3:30 p.m. Unaware of that filing, the trial judge, on March 11, 1987, signed an order dismissing for want of prosecution for failure to comply with his order of February 4, 1987. This dismissal was based on the trial court's erroneous assumption that Hardtke had not complied, even though Hardtke had complied by filing the joint status report the previous day, as required.

Hardtke never filed a motion to reinstate after the March 11 dismissal. Nevertheless, Hardtke contends the case was reinstated on the court's own motion and order. There is no conventional "order" in our record setting aside the March 11, 1987 dismissal. Hardtke relies on two significant documents. The first is a docket entry dated "3–12–87," which states, "Order of 3–11–87 struck; case removed from special dismissal docket—TRP." The initials are those of the trial judge, Thomas R. Phillips. In addition, Judge Phillips signed an order on April 3, 1987, setting the case for trial. Hardtke argues that the docket entry and the trial setting order, taken together, show unambiguously, and in a writing signed by the trial judge, that the trial judge set aside the dismissal of March 11 and granted a new trial.

■ When, as here, there is a time limit on the court's jurisdiction, its order must be in writing, specific, and signed by the trial judge. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980). Once a judgment is signed, a second, inconsistent judgment in the same case does not automatically vacate the former judgment. The second judgment must show that the first judgment has been set aside; otherwise, the second judgment is a nullity. *Mullins v. Thomas*, 136 Tex. 215, 217, 150 S.W.2d 83, 84 (1941).

■ The March 12 docket entry here is in writing, is specific, and is signed with the initials of the trial judge, as *Walker v. Harrison* requires. It specifically sets aside the dismissal order of March 11, 1987, as *Mullins v. Thomas* requires. Although the docket entry is unambiguous, and therefore needs no explanation, the trial judge's understanding of its meaning is shown by the fact that he signed an order approximately three weeks later setting the case for trial.

We hold that the docket entry bears the requisites of specificity and authenticity sufficient to entitle it to dignity as an "order" vacating the March 11 dismissal. The trial judge's sua sponte order on March 11 was a mistake that he immediately tried to correct. The law should encourage, not frustrate, reasonable steps to correct routine administrative errors that inevitably occur in even the most well-managed courts. There being no doubt as to the timing, the meaning, or the authenticity of the March 12 docket entry, it would be manifestly unjust to deny it the effect that the trial judge obviously intended it to have and thereby cause Hardtke to suffer for an error that it did not cause and was in no position to correct.[2]

■ Several supreme court cases hold that, at least in some circumstances, a docket entry cannot set aside a judgment. We consider these cases to be distinguishable. In *Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex.1982), a docket entry joined with an oral order granting a motion for new trial was held insufficient to set aside a money judgment. That holding was compelled by Tex.R.Civ.P. 329b(c), which expressly required a signed written order to grant a motion for new trial. Rule 329b does not apply here because no motion for new trial was filed. Four different parts of rule 329b refer to new trial motions "filed" or "if filed"; rule 329b(a), (b), (e), (g). Subsection (c), the basis for the holding in *Clark*, refers to "an original or amended motion for new trial." In *Clark*,

---

**2.** Because the trial judge acted on his own motion, the record does not show that Hardtke ever knew the case was under consideration for dismissal on March 11 or for reinstatement on March 12. Nor does the record show that Hardtke ever knew in time to act that the trial judge had either dismissed the case on March 11 or reinstated it on March 12.

there was one; here, there is not. Judge Phillips simply cured his error, without any motion or hearing, as he was entitled to do in the exercise of his plenary power. TEX. R.CIV.P. 320, 329b(d).

In *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989), the court held a docket entry and oral order could not be used in lieu of a written order to reinstate a case dismissed for want of prosecution. That holding was compelled by TEX.R.CIV.P. 165a(3), which expressly required that a motion to reinstate "shall be filed" and overruled by law after 75 days unless "decided by a signed written order...." Rule 165a(3) does not apply here because no motion to reinstate was filed. The rule requires a "filed," "verified" motion that "shall set forth the grounds therefor," that "shall be served" on the parties, that "shall" be delivered by the clerk to the judge, who "shall set a hearing ... [and] shall notify all parties ... of the hearing." None of that happened here because this was not a proceeding conducted under rule 165a(3).

This case is not governed by *Walker v. Harrison* because there the court ruled on a pending motion to reinstate. 597 S.W.2d at 914–15. Under case law then, as under rule 165a(3) now, a motion to reinstate could be granted only by "written order." *Id.* at 916. Moreover, the party seeking reinstatement in *Walker* made the dubious claim that its motion was granted by a docket entry that said it was "denied." *Id.* at 915. Finally, the docket entry in *Walker* vaguely promised some conditional future relief, but none was granted until six months after the trial court's plenary power had expired. *Id.* at 916 n. 2. Here, the docket entry was timely, it did not refer to future orders, it unambiguously granted specific relief, and it was not governed by rule 165(a)(3) because no motion to reinstate was pending.

Nor is *N–S–W Corp. v. Snell,* 561 S.W.2d 798 (Tex.1977), controlling. In *N–S–W,* the disregarded docket entry was ambiguous, it had obviously been altered, the parties disputed the authenticity of its date, and it granted reinstatement "as per order," but, as in *Walker v. Harrison,* the required

future order came too late. *Id.* at 798–99. *See Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex.1976) ("The judge's intention to render judgment in the future cannot be a present rendition of judgment."). The docket entry here has no such defects. N–S–W Corporation sought to use the questionable docket entry to change the date of a reinstatement order so that it would be timely, i.e., within the trial court's plenary power. The supreme court wrote, "[T]he docket entry may not impeach the court's order.... A docket entry ... cannot be used to contradict or prevail over a final judicial order." *Id.* at 799. "The rule [in N–S–W] properly interpreted, means that a docket entry *of what the judgment purports to be* cannot override or cast doubt upon the written judgment, where the two are different." *Energo Int'l Corp. v. Modern Indus. Heating,* 722 S.W.2d 149, 153 n. 2 (Tex.App.— Dallas 1986, no writ) (Akin, J., dissenting) (emphasis added). In this case, we are not using the March 12 docket entry as evidence of what the March 11 judgment purports to be. The two are entirely separate, and the meaning of each is clear.

■ It has been said that "[D]ocket entries are inherently unreliable." *Energo,* 722 S.W.2d at 151 n. 2. This one is not. It is more reliable than the mistaken order it strikes. It should be given effect in order to avoid injustice. TEX.R.CIV.P. 1. Doing so does not offend the policies underlying the decisions of our supreme court.

A signed docket entry is effective as a judgment dismissing a case for want of prosecution. *Knox v. Long,* 152 Tex. 291, 297, 257 S.W.2d 289, 292 (Tex.1953) (signed docket entries dismissed 180 cases). We hold, under these facts, that Judge Phillips' signed docket entry was effective as a judgment reinstating the case.

Hardtke's point of error is sustained. The judgment is reversed, and the cause is remanded.