**INTERCITY MANAGEMENT CORPORATION et al.,**
Relators,

v.

**The Honorable Eugene CHAMBERS, Judge of the 215th District Court of Harris County, Texas, Respondent.**

No. 01–91–00901–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 8, 1991.

William E. Junnell, Jr., Houston, for relators.

Thomas W. Moore, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

OPINION ON MOTION
FOR REHEARING

PER CURIAM.

On October 16, 1991, we issued our opinion conditionally granting writ of mandamus in this case. The Arsht Company, real party in interest, moved for rehearing, contending that our opinion was in conflict with *Hardtke v. Katz,* 813 S.W.2d 548 (Tex. App.—Houston [1st Dist.] 1991, writ requested). We do not agree. We overrule Arsht's motion for rehearing, withdraw our previous opinion, and substitute the following.

Relator, Intercity Management Corp. (IMC), seeks mandamus compelling the trial judge to vacate his untimely order reinstating The Arsht Company's (Arsht's) suit against it after the suit was dismissed for want of prosecution. We conditionally grant the writ.

This case is controlled by Tex.R.Civ.P. 165a which states as follows in regard to reinstatement:

> In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a,[1] the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

In *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989), the supreme court ad-

---

1. Rule 306a operates to extend the time limits set in rule 165a when a party can show that within 20 days from the signing of the order of dismissal, it had no notice of the dismissal. Rule 306a does not apply to the circumstances of this case.

dressed the application of rule 165a in a situation which mirrors the situation before us in this mandamus. The suit against Emerald Oaks had been dismissed for want of prosecution. Although the plaintiff, Pan Tex, timely filed a motion to reinstate, and although the court's docket sheet contained an entry indicating that the court granted the motion the same day it was filed, a written order was not signed until 126 days after the date of the order of dismissal.

The supreme court held that rule 165a requires that a case be reinstated *by signed written order within 75 days* after the judgment is signed. 776 S.W.2d at 578. The court retains plenary jurisdiction over the order of reinstatement for another 30 days. Because no written order of reinstatement was filed within 105 days of the date of the dismissal, the end of the court's plenary power over its judgment, the judgment of dismissal became final. *Id.*

In 1986, Arsht, a working interest owner in a gas unit, sued IMC for damages alleging that IMC wrongfully terminated the unit. On April 1, 1991, court signed an order dismissing the case for want of prosecution. Arsht filed a timely verified motion to reinstate on April 19. However, Arsht failed to obtain a signed written order reinstating the case within the period of the trial court's jurisdiction. The seventy-fifth day after the judgment of dismissal was June 24, 1991. Thirty days thereafter, on July 22, 1991, the court lost plenary power over its judgment. It was not until August 5, 1991, that the trial court signed an order purporting to reinstate the case. Under the express provisions of rule 165a, the trial court was without power to so act, and the order is, therefore, void.

> Arsht filed a reply alleging that
> Relators erroneously contend that there was no written order timely signed by the judge.... Attached to this answer as Exhibit 1 ... is the written order signed by visiting Judge Lesher on May 6, 1991, reinstating this case on the docket of the trial court.

Exhibit 1 is, in reality, a copy of the trial court's docket sheet which contains an entry dated May 6, 1991, purporting to grant plaintiff's motion to reinstate. As correctly pointed out in relator's petition for writ of mandamus, the supreme court has consistently held that a docket sheet entry cannot substitute for a signed written order. *Emerald Oaks*, 776 S.W.2d at 578. *See also Clark & Company v. Giles*, 639 S.W.2d 449 at 450 (Tex.1982) and the cases cited therein.

Our holding in *Hardtke*, that the trial court's specific, timely, initialed docket entry was sufficient to set aside its prior order dismissing the case for want of prosecution, was specifically and narrowly limited to the unusual, extenuating circumstances present in that case.

In *Hardtke*, the trial judge mistakenly dismissed the case even though the parties had complied with all requirements to avoid dismissal. The very next day, upon discovering his mistake, the judge made the following docket entry: "Order of 3/11/87 struck; case removed from dismissal docket—TRP.[2]" No formal order of reinstatement was signed.

This Court held that the docket entry was sufficient to *vacate* the dismissal:

> The trial judge's sua sponte order on March 11 was a *mistake on the court's part* that he immediately tried to correct. The law should encourage, not frustrate reasonable steps to correct *routine administrative errors* that inevitably occur in even the most well-managed courts. There being no doubt as to the timing, the meaning, or the authenticity of the March 12 docket entry, it would be manifestly unjust to deny it the effect that the trial judge obviously intended it to have and thereby cause Hardtke to suffer for an error that it did not cause and was in no position to correct.[3]

813 S.W.2d at 550 (emphasis added).

The *Hardtke* opinion carefully distinguishes the circumstances of that case

---

**2.** Now Chief Justice Tom Phillips was the trial court judge in the case.

**3.** Because the judge acted on his own motion, there was no indication that Hardtke ever knew the case was under consideration for dismissal

from those cases involving rule 165a, the rule which controls the result in the case before us. *Hardtke* acknowledges that rule 165a expressly requires that a motion to reinstate must be decided by a signed written order. 813 S.W.2d at 551. The Court did not take issue with that rule but found instead, that Hardtke's situation was not controlled by rule 165a(3). *Id.* The *Hardtke* court also distinguished the *Emerald Oaks* opinion which we find applicable in our disposition of the mandamus. 813 S.W.2d at 551.

The trial court's own error caused the unjustified dismissal of the *Hardtke* case. Hardtke was completely innocent in the situation, having fully complied with the court's orders. Unlike the situation in *Hardtke*, the dismissal in the case before us did not occur because of the trial judge's error. Arsht's motion to reinstate alleges the following facts:

> On April 8, 1991, Arsht's counsel received notice of the court's intention to dismiss the case for want of prosecution. Counsel contacted the clerk to find out what to do to retain the case.
> The clerk told him that a motion to retain was needed.
> The clerk did not mention that a hearing would be held on the motion to retain. Counsel filed the motion to retain on 3/18. Intercity (relator here) did not file a response.
> On 4/3 Arsht's counsel got notice that the motion to retain had been denied. His secretary called the court and was told that the denial was due to counsel's failure to appear for the hearing on the motion on 4/1.
> The clerk further informed the secretary that notice of the hearing on the motion to retain appeared on the sheet attached to the notice of intention to dismiss for want of prosecution. That notice states "PLEASE REFER TO INSERT FOR

SPECIFIC COURT'S RETENTION PROCEDURES."

Arsht obtained a second hearing at which the trial court agreed that the motion should be granted and the case reinstated. However, after obtaining this favorable oral ruling, Arsht failed to timely present a written order of reinstatement to the court for signature in order to, in fact, effect reinstatement under rule 165a. Under these facts, the instant case is not controlled by *Hardtke* and there is no conflict in the two opinions. Arsht's motion for rehearing is overruled.[4]

Accordingly, we grant relator's motion for leave to file and, without hearing argument, conditionally issue writ of mandamus requiring the trial judge to vacate his untimely orders of August 5, 1991 and September 20, 1991, purporting to reinstate the case styled *The Arsht Company v. Intercity Management Corp.*, No. 86–33542 on the docket. The writ will issue only if Judge Chambers fails to vacate the order.

on March 12. Nor does the record reflect that Hardtke knew in time to act that the judge had dismissed the case or vacated the dismissal.

4. We agree with Intercity that the affidavit of Judge Lesher and the docket sheet from the Emerald Oaks case, offered by Arsht in support of its motion for rehearing, are outside the record and may not be considered by this Court.

*Sabine Offshore Service Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1980, orig. proceeding); *White v. Rupard*, 788 S.W.2d 175, 179 (Tex.App.—Houston [1st Dist.] 1990, writ denied). We also note, however, that even if we were able to consider them, we would find them immaterial to our decision.