PER CURIAM HEADING




 NO. 12-02-00186-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 APPEAL FROM THE 294TH



IN THE INTEREST OF R.G.W. AND

C.A.W.,
§
 JUDICIAL DISTRICT COURT OF

MINOR CHILDREN


§
 VAN ZANDT COUNTY, TEXAS







MEMORANDUM OPINION (1)


 Appellant's minor children reside with their father, Appellant's former husband, in the State 
of Washington. The 294th Judicial District Court of Van Zandt County, Texas had continuing
jurisdiction of matters relating to the children. In a telephonic hearing on August 16, 2000, the trial
court declined jurisdiction in favor of the State of Washington. This is an attempted appeal from the
trial court's action. 

 Appellant filed her notice of appeal on May 24, 2002. Attached to the notice was a
photocopy of a docket sheet entry dated August 16, 2000 memorializing the trial court's decline of
jurisdiction. The clerk's record was filed on June 21, 2002 and included a photocopy of the same
docket sheet entry. However, the clerk's record did not include a written order signed by the trial
court.

 On August 28, 2000, pursuant to Rule 37.2 of the Texas Rules of Appellate Procedure, this
court notified Appellant that the record received in this appeal does not contain an appealable order
and therefore does not show the jurisdiction of this court. Appellant was also informed that unless
the record was supplemented on or before September 9, 2002 to show jurisdiction, the appeal would
be dismissed. On September 9, 2000, Appellant filed a "Motion to Show Jurisdiction of This Court"
in which she listed several written orders signed by the trial court pertaining to matters previously
litigated in connection with her children. However, we did not receive a supplemental clerk's record
containing the order Appellant seeks to appeal; i.e., the trial court's decline of jurisdiction.
Furthermore, Appellant's motion does not contain any information that indicates a written order was
ever signed by the trial court.

 This court's appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.
2000). (2) A docket sheet entry is not a substitute for a signed written order and therefore cannot
constitute an appealable order. E.g., Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,
776 S.W.2d 577, 578 (Tex. 1989); Intercity Management Corp. v. Chambers, 820 S.W.2d 811, 812
(Tex. App.- Houston [1st Dist.] 1991, orig. proceeding). Accordingly, Appellant's motion to show
jurisdiction is overruled, and this appeal is dismissed for want of jurisdiction.


Opinion delivered September 25, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.






(DO NOT PUBLISH)









1. See Tex. R. App. P. 47.1.
2. Certain additional appealable interlocutory orders are set forth in the Texas Family Code and Texas Probate
Code, but they likewise are not applicable to the instant order.