PER CURIAM HEADING



 NO. 12-03-00285-CV


NO. 12-03-00284-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 

§
 APPEAL FROM THE 


EX PARTE COLIN W. McANDREW
§
 COUNTY COURT OF


§
 HOUSTON COUNTY, TEXAS




AND 



§
 APPEAL FROM THE THIRD


EX PARTE COLIN W. McANDREW §
 JUDICIAL DISTRICT COURT OF


§
 HOUSTON COUNTY, TEXAS







MEMORANDUM OPINION


 Appellant Colin W. McAndrew ("McAndrew") attempts to appeal (1) an order of the County
Court of Houston County dated July 28, 2003 denying McAndrew's petition for writ of habeas
corpus in which he sought the release of his minor children "from illegal restraint and detention",
(2) an order of the Third Judicial District Court of Houston County dated August 4, 2003 denying
McAndrew's petition for writ of habeas corpus, and (3) a "declaration" of the Third Judicial District
Court of Houston County on August 4, 2003 "that [McAndrew] was a Vexatious Litigant." 

 The granting or denying of a writ of habeas corpus for possession of a child is not appealable. 
Gray v. Rankin, 594 S.W.2d 409, 409 (Tex. 1980). Furthermore, neither the order denying
McAndrew's petition for writ of habeas corpus nor the "declaration" that he "was a Vexatious
Litigant" was reduced to writing by the trial court. However, the clerk's record includes a copy of
a docket sheet on which the trial court noted that the writ of habeas corpus was denied for want of
jurisdiction. A second notation shows that the trial court found McAndrew to be a "Vexatious
Person" and ordered that no further pleadings were to be filed by McAndrew without the trial court's
prior written authority. A docket sheet entry is not a substitute for a signed written order and
therefore cannot constitute an appealable order. E.g., Emerald Oaks Hotel/Conference Center, Inc.
v. Zardenetta, 776 S.W.2d 577, 578 (Tex. 1989); Intercity Management Corp. v. Chambers, 820
S.W.2d 811, 812 (Tex. App.-Houston [1st Dist.] 199, orig. proceeding). Therefore, regardless of
whether these two orders are otherwise appealable, we cannot review the trial court's action without
a signed, written order. 

 On September 4, 2003, pursuant to Rule 37.2 of the Texas Rules of Appellate Procedure, this
court notified McAndrew that the record received does not contain an appealable order and therefore
does not show the jurisdiction of this court. McAndrew was also informed that unless the record was
supplemented on or before September 15, 2003 to show jurisdiction, the appeals would be dismissed. 
McAndrew's deadline has now passed, and he has failed to show the jurisdiction of this court.

 This court's appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2003). For the reasons stated above, the orders denying McAndrew's petition for writ of
habeas corpus and the trial court's finding that McAndrew is a "Vexatious Litigant" are not
appealable. Accordingly, we dismiss the appeals for want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered September 24, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.









(DO NOT PUBLISH)