Opinion issued March 17, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00665-CV




DONGCHU SUN, Appellant

V.

YIN SHAO, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 01-CV-120142




MEMORANDUM OPINION




          This appeal arises from a dismissal of a petition for divorce brought by
appellant, Dongchu Sun, against appellee, Yin Shao. In his sole issue, appellant
contends that, because his cause of action was dismissed and not properly reinstated
before the trial court’s plenary power expired, the subsequent actions by the trial
court are void.
          We dismiss for lack of jurisdiction.
BACKGROUNDAppellant filed an original petition for divorce on August 9, 2001 and filed an
amended petition on June 25, 2002. On July 29, 2002, the suit was dismissed by
signed order for want of prosecution. On August 8, 2002, appellant filed a notice of
nonsuit, asserting that appellee had no pleadings on file seeking affirmative relief. 
On August 12, 2002, the trial court granted appellant’s notice of nonsuit by signed
order and again ordered the case dismissed. 
          On August 21, 2002, appellee filed a counter-petition for divorce and a motion
to reinstate the case. On September 9, 2002, after a hearing, an entry was made in the
docket sheet indicating that the case had been reinstated. However, no written order
to reinstate was signed by the trial court.
          On April 23, 2003, a hearing was held to divide community property and set
child support. Appellant again filed a notice of nonsuit, which was granted orally by
the court, and appellant moved to dismiss for lack of jurisdiction. A final divorce
decree was entered on May 6, 2003. 
          On May 21, 2003, after a hearing, the trial court denied appellant’s motion to
dismiss for lack of jurisdiction. On the same day, appellant filed a “Motion to Void
the Judgment ‘Final Decree of Divorce.’” The next day, appellant filed notice that
he no longer intended to prosecute his motion to void the final decree. 
          On June 2, 2003, appellant brought a motion for new trial. On June 9, 2003,
after a hearing, the trial court entered an order for sanctions against appellant for
failure to notice appellee of a May 12, 2003 hearing and denied appellant’s motion
to dismiss for lack of jurisdiction. On June 16, 2003, appellant filed notice of appeal
pertaining to the “judgment(s) and order(s) signed by the trial court on May 6, 2003
and June 9, 2003.” 
ANALYSIS
          In his sole issue, appellant contends that, because his cause of action was
dismissed and not properly reinstated before the trial court’s plenary power expired,
the subsequent actions by the trial court, in rendering a final divorce decree and
ordering sanctions, are void.
          Reinstatement of a cause following dismissal for want of prosecution is
controlled by Rule of Civil Procedure 165a, which states as follows: 
A motion to reinstate must be filed within 30 days after the order of
dismissal is signed. . . . In the event for any reason a motion for
reinstatement is not decided by signed written order within seventy-five
days after the judgment is signed, . . . the motion shall be deemed
overruled by operation of law. . . . If a motion to reinstate is timely filed
by any party, the trial court, regardless of whether an appeal has been
perfected, has plenary power to reinstate the case until 30 days after all
such timely filed motions are overruled, either by a written and signed
order or by operation of law, whichever occurs first.Tex. R. Civ. P. 165a(3); Intercity Mgmt. Corp. v. Chambers, 820 S.W.2d 811, 811
(Tex. App.—Houston [1st Dist.] 1991, no writ).
          The evidence shows that the order of dismissal was signed on July 29, 2002. 
Appellee’s motion for reinstatement was timely filed within 30 days of the dismissal
order, on August 21, 2002. See Tex. R. Civ. P. 165a(3). The trial court then had until
the 75th day after the dismissal order was signed to enter a written order to reinstate,
otherwise the motion to reinstate was deemed overruled by operation of law. See id. 
After the 75th day, because a timely motion to reinstate was filed, the court retained
plenary power and jurisdiction over the cause for an additional 30 days. See id.
          No signed order reinstating the cause appears in the record during the 105-day
period after the date of the dismissal order. Although there is a note on the docket
sheet indicating that the suit was reinstated, this is insufficient. See Emerald Oaks
Hotel/Conference Ctr. v. Zardenetta, 776 S.W.2d 577, 578 (Tex. 1989) (construing
Rule 165a(3) to require motion to reinstate be “decided by a signed written order”);
Intercity Mgmt. Corp., 820 S.W.2d at 812 (finding that supreme court has consistently
held that entry on docket sheet cannot substitute for signed written order). In
addition, although there was a hearing on the motion to reinstate, “[a] trial court’s oral
pronouncement . . . reinstating a cause is not an acceptable substitute for the written
order required by rule.” See Emerald Oaks, 776 S.W.2d at 578. Because appellee
failed to obtain a signed order reinstating the case within the period of the trial court’s
jurisdiction, the motion was deemed overruled and the judgment of dismissal became
final. See Tex. R. Civ. P. 165a(3); Intercity Mgmt. Corp., 820 S.W.2d at 812.
          The time limits in Rule 165a are mandatory and jurisdictional. Walker v.
Harrison, 597 S.W.2d 913, 915 (Tex. 1980). Any actions taken by the trial court
after the expiration of the trial court’s plenary power are void. See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998); Moore Landrey, L.L.P. v. Hirsch & Westheimer,
P.C., 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Because
the trial court’s plenary power expired before it signed the judgment on May 6, 2003
and the orders on June 9, 2003, these are void and have no effect.


 See In re
Dickason, 987 S.W.2d at 571; Moore Landrey, 126 S.W.3d at 543. 
 
 
CONCLUSION

          We declare the trial court’s May 6, 2003 judgment and June 9, 2003 orders
void and dismiss the appeal for want of jurisdiction. See State ex rel Latty v. Owens,
907 S.W.2d 484, 486 (Tex. 1995); Moore Landrey, 126 S.W.3d at 543.




                                                             Laura Carter Higley 
                                                             Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.