NO. 07-08-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 8, 2009
______________________________

MICHAEL LYNN SKAGGS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5700; HON. KELLY G. MOORE, PRESIDING
_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â After a guilty plea, appellant Michael Lynn Skaggs was convicted of burglary of a
habitation and, pursuant to a plea bargain, he was sentenced to ten years confinement,
which was probated for ten years. Less than a year later, the State filed a motion to revoke
appellantâs probation. After a hearing, the trial court did so and sentenced appellant to ten
years imprisonment. Appellant appeals from that probation revocation and judgment. 
Â Â Â Â Â Â Â Â Â Â Appellantâs appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that the appeal is without merit. Along with his brief, he has filed a copy of a
letter sent to appellant informing him of counselâs belief that there was no reversible error
and of appellantâs right to file a response pro se. By letter dated December 2, 2008, this
court also informed appellant of his right to file a response by January 2, 2009, if he wished
to do so. To date, we have received neither a response nor a request for an extension of
time to file it.
Â Â Â Â Â Â Â Â Â Â In compliance with the principles enunciated in Anders, appellate counsel has
discussed whether the evidence presented at the revocation hearing was sufficient to
support the trial courtâs finding that appellant had violated the terms of his probation. 
Counsel also discussed certain evidentiary rulings made at the revocation hearing. 
However, he concluded that the record revealed no reversible error. Thereafter, we
conducted our own review of the record to assess the accuracy of appellate counselâs
conclusion and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991). We have reached the same conclusion as counsel. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the motion to withdraw is granted and the judgment is affirmed.


 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Do not publish. 



 508 (Tex. 1984); Finlan v. Peavy, 205 S.W.3d 647,
654 (Tex.App.-Waco 2006, no pet.) (both noting that hearing on motion to reinstate is the
same hearing with the same burden of proof as a hearing before dismissal). Wallingford's
first issue is overruled.

 Issue Two - Was the case reinstated despite the absence of a signed written order?

 By her second issue, Wallingford contends that the trial court erred by dismissing
her case for want of subject matter jurisdiction because the court's intention to reinstate
appears in the reporter's record and on a printed docket sheet, a proposed order of
reinstatement was attached to her motion, and the court, its staff, and the parties treated
the case as reinstated. 

 Wallingford constructs her argument for this issue on the foundation of Hardtke v.
Katz, 813 S.W.2d 548 (Tex.App.-Houston [1st Dist.] 1991, no writ). We do not find Hardtke
controlling on the facts before us.

 In Hardtke, the trial judge dismissed the case sua sponte because he mistakenly
believed the parties failed to file a joint status report as ordered. The following day, when
the judge discovered the report was timely filed, he made the following docket entry: "Order
of 3/11/87 struck; case removed from dismissal docket - TRP." About three weeks later,
the judge signed an order setting the case for trial. However, at no time did he sign an
order of reinstatement. 813 S.W.2d at 549-550. After the court lost plenary jurisdiction to
alter its order of dismissal, (4)
 it sustained a plea to its jurisdiction and dismissed the case.
Id. at 549. 

 On Hardtke's appeal, the court of appeals reversed the dismissal. It found the trial
court's docket entry was in writing, sufficiently specific, and signed with the initials of the
trial judge. As such, it was entitled to the dignity of an order vacating the dismissal order. 
813 S.W.2d at 550. The court further noted the trial court's sua sponte dismissal order
was a mistake that the court immediately tried to correct, and "t[h]e law should encourage,
not frustrate, reasonable steps to correct routine administrative errors that inevitably occur
in even the most well-managed courts." Id. 

 Importantly, the court in Hardtke found it necessary to distinguish several cases
holding a docket entry insufficient to set aside a judgment, including Emerald Oaks
Hotel/Conference Center, Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex. 1989) (orig.
proceeding). It found the holding of Emerald Oaks, that a docket entry and oral order could
not be used in lieu of a written order to reinstate a case dismissed for want of prosecution,
was compelled by Rule 165a(3), while in the case before it "no motion to reinstate was
filed" and it "was not a proceeding conducted under rule 165a(3)." 813 S.W.2d at 551. 

 Like Emerald Oaks, the case at bar is a proceeding conducted under Rule 165a,
and we find Emerald Oaks controls disposition of Wallingford's second issue. In Emerald
Oaks the suit against the defendant was dismissed for want of prosecution. The plaintiff
timely filed a motion to reinstate, and the court's docket sheet contained an entry indicating
it granted the motion the same day it was filed. The court orally directed counsel for the
plaintiff to prepare an order of reinstatement and submit it for signing, but a written order
was not signed until 126 days after the date of the order of dismissal. 776 S.W.2d at 578.

 In the defendant's mandamus proceeding seeking enforcement of the dismissal, the
supreme court noted Rule 165a(3)'s provisions that a motion to reinstate is overruled by
operation of law if for any reason it is not decided by signed written order within 75 days
after the judgment is signed. Thereafter, the court retains plenary power and jurisdiction
over the cause for another 30 days. 776 S.W.2d 578. Because no signed written order
of reinstatement was filed within 105 days of the date of dismissal the judgment of
dismissal was final. Id. The court stated, "A trial court's oral pronouncement and docket
entry reinstating a cause is not an acceptable substitute for the written order required by
rule." Id., citing Clark and Co. v. Giles, 639 S.W.2d 449, 450 (Tex. 1982, orig. proceeding)
(a case under Rule of Civil Procedure 329b). 

 Here, Wallingford's case was dismissed for want of prosecution on Trinity's motion
based in part on Rule 165a, and Wallingford timely filed a motion to reinstate expressly
based on that rule. (5) We find the trial court's oral pronouncement on the record at the
hearing on the motion to reinstate, its printed docket entry, Wallingford's submission of a
proposed order, and the conduct of the parties following the hearing are not a substitute
for the rule's requirement of a signed written order. Tex. R. Civ. P. 165a(3) (motion for
reinstatement deemed overruled by operation of law if for any reason motion not decided
by signed written order within time prescribed); Emerald Oaks, 776 S.W.2d at 578; see
Intercity Mgt. Corp. v. Chambers, 820 S.W.2d 811, 813 (Tex.App.-Houston [1st Dist.] 1991)
(orig. proceeding) (applying Emerald Oaks rather than Hardtke in case under Rule 165a). 
Wallingford's second issue is overruled.

 Issue Three - Is Rule 165a unconstitutional?

 In her third issue, Wallingford asserts that Rule 165a violates the open courts, and
due course of law provisions of the Texas Constitution, Tex. Const. art. I, § 13; art. I, Â§ 19;
and the Due Process Clause of the Fourteenth Amendment to the United States
Constitution. (6) The essence of Wallingford's complaint under this issue is that Rule 165a
placed an onerous burden on her by assigning her attorney primary responsibility for timely
obtaining the trial court's signature on an order of reinstatement. She concludes her
argument with an assertion that the order of dismissal denied her the due process
guarantees of notice and the opportunity to be heard apart from having to meet "intolerable
burdens."

 We begin with Wallingford's open courts argument. Here she claims Rule 165a
unconstitutionally denies her access to court for presentation of her workers' compensation
case because emanating from the rule is the impossible condition that her attorney must
diligently pursue the trial judge to timely obtain a signed written order. 

 In relevant part, art. I, Â§ 13 of the Texas Constitution provides:

 All courts shall be open, and every person for an injury done him, in his
lands, goods, person or reputation, shall have remedy by due course of law.


 The Texas Supreme Court has determined that this provision includes at least three
separate constitutional guarantees: (1) courts must actually be operating and available; (2)
the legislature cannot impede access to the courts through unreasonable financial barriers;
and (3) meaningful remedies must be afforded, "so that the legislature may not abrogate
the right to assert a well-established common law cause of action unless the reason for its
action outweighs the litigants' constitutional right of redress." Texas Ass'n of Business v.
Texas Air Control Bd., 852 S.W.2d 440, 448 (Tex. 1993). Wallingford's argument invokes
the third guarantee.

 A litigant challenging a statute on the third open courts guarantee must satisfy two
criteria:

 First, it must be shown that the litigant has a cognizable common law cause
of action that is being restricted. Second, the litigant must show that the
restriction is unreasonable or arbitrary when balanced against the purpose
and basis of the statute. 


Lucas v. United States, 757 S.W.2d 687, 690 (Tex. 1988), quoting Sax v. Votteler, 648
S.W.2d 661, 666 (Tex. 1983).

 The workers' compensation system is a product of statute and was unknown at
common law. See Lambert v. Affiliated Foods, Inc., 20 S.W.3d 1, 5 (Tex.App.-Amarillo
1999), aff'd, 44 S.W.3d 544 (Tex. 2001). Accordingly, Wallingford is unable to satisfy the
first criteria of an open courts claim. But even had she possessed a cognizable common
law cause of action restricted by Rule 165a, her open courts claim could not withstand the
balancing requirement of the second prong of the analysis. 

 The supreme court adopted Rule 165a in 1973 to ameliorate the effect of a judge's
dismissal of an action for neglect and non-action. Rizk v. Mayad, 603 S.W.2d 773, 776
(Tex. 1980). Rule 165a(3) provides a method of reinstatement for cases dismissed under
the rule or by the inherent power of the court to control its docket. Tex. R. Civ. P. 165a(4).
Taking advantage of this reinstatement mechanism, Wallingford was able to present her
grounds for reinstatement by motion, evidence, and presentation at a hearing. Given the
purpose of Rule 165a(3), its requirement of a written order of reinstatement signed within
105 days of dismissal does not create an unreasonable or arbitrary burden for a litigant
availing herself of the rule's opportunity for reinstatement. 

 Wallingford's assertions that the dismissal order was issued in violation of her
procedural due process rights, whether alleged under the U.S. or Texas Constitutions, (7) are
adequately addressed by noting that she timely filed a lengthy verified motion to reinstate,
and fully participated in a hearing conducted while the trial court retained plenary control
of its dismissal order. Any due process concerns founded on lack of notice were thus
cured. See Finlan, 205 S.W.3d at 655-56 (party filed motion to reinstate after dismissal,
due process satisfied); Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex.
App.-Houston [14th Dist.] 1999, no pet.) (due process requirements satisfied by hearing
on motion to reinstate). Wallingford's third issue is overruled.

 Trinity's Motion for Damages for Frivolous Appeal


 By separate motion, Trinity requested damages against Wallingford for filing a
frivolous appeal. Tex. R. App. P. 45. Wallingford filed a reply and we have carried the
matter with the case. 

 Rule 45 authorizes us to award each prevailing party just damages if we determine
that the appeal was frivolous. Tex. R. App. P. 45. Whether to do so, however, lies within
our discretion. Rios v. Northwestern Steel & Wire Co., 974 S.W.2d 932, 936 (Tex.App.-Houston [14th Dist.] 1998, no pet.). In exercising this discretion, we may not consider any
matter that does not appear in the record, briefs, or other papers filed in the court of
appeals, Rule 45, and we must act with prudence, caution, and careful deliberation. Rios,
974 S.W.2d at 936. We view the record from the advocate's standpoint to determine
whether there were reasonable grounds to believe that the trial court's judgment was
reversible. Safeway Managing Gen. Agency v. Cooper, 952 S.W.2d 861, 870
(Tex.App.-Amarillo 1997, no writ). Considering the record as a whole, we will not
characterize Wallingford's appeal as frivolous. 

Conclusion

 Trinity's motion for damages for a frivolous appeal is denied. The trial court's order
recognizing its lack of jurisdiction and dismissing the case is affirmed.


 James T. Campbell

 Justice






























1. The former system of workers' compensation, Texas Revised Civil Statutes
Annotated articles 8306 et seq., was adopted in 1914 and repealed in 1991. The act
continues to govern claims for pre-1991 injuries. See Acts 1989, 71st Leg., 2nd C.S., Ch.
1, Â§ 17.18(c), (d). 
2. See Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex.
1999) (setting out two sources of trial court's authority to dismiss a case for want of
prosecution).
 
3. The record reflects a factual dispute concerning Trinity's notice to Wallingford of
the motion to dismiss. Trinity's motion to dismiss contained a certificate of service by
certified mail and Trinity argued in its response to Wallingford's motion to reinstate that the
attached affidavit of its attorney's paralegal proved service upon Wallingford's counsel by
certified mail. Trinity could not produce a green postal receipt card signed by Wallingford's
counsel. Rule 21a sets up a presumption that when a required notice is placed in the
United States mail in a properly addressed, postage prepaid wrapper, it was duly received
by the addressee. See Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987). However, the
presumption of service vanishes upon introduction of evidence that notice was not
received. Id. 

 Wallingford also asserts that the trial court clerk failed to send notice of the
dismissal hearing as required by Rule 165a. See Tex. R. Civ. P. 165a(1).
 
4. The appellate court noted the record did not show that Hardtke ever knew the case
was under consideration for dismissal on the day the court dismissed it, or for
reinstatement the following day. 813 S.W.2d at 550 n.2.

5. There is no procedural distinction between cases dismissed under a court's
inherent power or according to Rule 165a. See Tex. R. Civ. P. 165a(4).
6. Wallingford also mentions the trial by jury provision of the Texas Constitution, Tex.
Const. art. I, Â§ 15, and the Equal Protection Clause of the Fourteenth Amendment, but
presents no argument discussing their applicability. We do not address these theories. 
See Tex. R. App. P. 38.1(h). 
7. In claims of procedural due process, the Texas Supreme Court has found no
meaningful distinction between Texas' protection of due course of law and the federal
constitution's guarantee of due process. University of Tex. Med. Sch. v. Than, 901 S.W.2d
926, 929 (Tex. 1995); see U.S. Const. amend. XIV Â§ 1; Tex. Const. art. 1 Â§ 19.