Opinion issued October 4, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01022-CV

———————————

## JOSHUA NELSON ROBERTS, TDCJ #00782239, Appellant

## V.

## KELLY FRANKLIN AND ROBERT BEARD, Appellees

---

### On Appeal from the 412th District Court
### Brazoria County, Texas
### Case No. 81601-I

---

## MEMORANDUM OPINION

Joshua Roberts, an inmate at a Texas correction facility, sued Correctional Officer Kelly Franklin and Assistant Warden Robert Beard for declaratory and injunctive relief and damages arising out of the loss of some of his personal property. Franklin and Beard contend that we lack jurisdiction over Roberts's appeal because

the order from which Roberts appeals was not properly reinstated before it was overruled by operation of law, rendering it void. We dismiss the appeal for want of jurisdiction.

## Background

On May 13, 2015, Roberts, proceeding in forma pauperis, filed his original petition suing Franklin and Beard under the Texas Tort Claims Act, complaining of Franklin's alleged negligence in breaking his typewriter and taking two pictures from him, and of Beard's allegedly negligent failure to supervise Franklin.

Because Roberts is an indigent inmate, Chapter 14 of the Civil Practice and Remedies Code applies to his lawsuit. On May 21, 2015, the trial court signed an order dismissing Roberts's suit as frivolous based on Roberts's failure to file the statutorily required affidavit of previous filings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2016).

Two weeks later, Roberts filed a "Motion to File an Amended Complaint" which the trial court treated as a motion to reinstate the case. The trial court's docket contains an entry entitled "Order to Reopen" for the same date. The record, however, does not contain a signed order reopening the case.

On June 14, Franklin and Beard moved for dismissal based on Roberts's failure to name the Texas Department of Criminal Justice as the defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). On October 23, 2015, the

2

trial court granted the motion. Roberts filed a notice to appeal that order on November 25, 2015.

## Subject-Matter Jurisdiction

Franklin and Beard contend that this court lacks subject-matter jurisdiction over Roberts's appeal because the trial court's October 23, 2015 order is void. "Subject-matter jurisdiction refers to the court's power to decide a case." *Kendall v. Kendall*, 340 S.W.3d 483, 495 (Tex. App.—Houston [1st Dist.] 2011, no pet.). For this reason, a challenge to a court's subject-matter jurisdiction cannot be waived and may be asserted at any time during a suit. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W. 3d 849, 850 (Tex. 2000).

Franklin and Beard point out that the trial court dismissed Roberts's suit on May 21, 2015, and did not sign an order reinstating it before August 4, the day that Roberts's motion was overruled by operation of law, and the court's plenary power had expired 30 days later. *See* TEX. R. CIV. P. 165a(3) (requiring any order granting motion to reinstate to be signed within 75 days of judgment or motion is overruled by operation of law and trial court loses plenary power 30 days later). The May 21, 2015 order dismissing the suit for failure to comply with Chapter 14 became final— and the trial court lost plenary power—on September 3, 2015. Thus, Franklin and Beard contend, all actions taken by the trial court after that date are void.

3

Texas Rule of Civil Procedure 165a expressly requires a "signed written order" on a motion to reinstate. TEX. R. CIV. P. 165a(3); *Intercity Mgmt. Corp v. Chambers*, 820 S.W.2d 811, 811–12 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). The docket entry noting that the case would be reopened does not satisfy Rule 165a's requirement. *See Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex. 1982); *Intercity Mgmt. Corp.*, 820 S.W.2d at 812.

The order dismissing Roberts's suit is dated May 21, 2015. Roberts moved for reinstatement on June 5, 2015, but the trial court did not sign an order on that motion before the 75-day period expired and Roberts's motion was overruled by operation of law. *See* TEX. R. CIV. P. 165a(3). On September 3, 2015, 105 days after the trial court signed the May 21 order to dismiss, the trial court lost plenary power over the case. *See id.*

Roberts attempts to appeal from the October 23, 2015 order dismissing Franklin and Beard from his suit. That order, however, was signed after the trial court's subject-matter jurisdiction expired and is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (finding it settled law that judgment may be declared void for want of jurisdiction upon appeal). An appellate court has no jurisdiction to decide the merits of an appeal from a void judgment or order. *See Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet.

4

denied) (citing *Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864, 870 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

## Conclusion

Because the October 20, 2015 order is void, we dismiss the appeal for want of jurisdiction.  All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Bland, Massengale, and Lloyd.